PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2003 Pontiac Grand Am GT struck a hole while claimant Jeanine Wagner was traveling on Route 88 in West Liberty. Route 88 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on approximately March 31, 2007. Claimant is a student at West Liberty State College, and regularly takes Route 88 to travel to school. Route 88 is a road with a centerline and white edge lines. While claimant was driving from Wheeling to West Liberty on Route 88, her vehicle struck a large hole that was approximately a half mile from the College. Claimant stated that the hole was located near the golf course and occupied approximately half the lane of traffic. Claimant testified that she travels this road approximately twice a week, and she could not drive on this road without the vehicle striking at least one or two holes. During the *104 incident in question, claimants’ vehicle sustained damage to three rims in the amount of $622.17. Claimant has been unable to repair these damages, but she has paid $37.95 to have her tires balanced. Since claimants’ insurance deductible is $500.00, their recovery in this claim is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 88 at the site of claimants’ accident for the date in question. The respondent did not call any witnesses.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck, and that the hole presented a hazard to the traveling public-. The Court finds that the road was covered with holes in the particular area in question. The size of the hole which claimants’ vehicle struck and the time of the year in which the incident occurred leads the Court to conclude that respondent had notice of this hazardous condition, and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent, and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $500.00.
Award of $500.00.